UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony L. Cook,                                             Case No. 3:24-cv-2254

        Plaintiff

  v.                                                                     ORDER OF DISMISSAL

United States of America, et al.,

        Defendants

On December 27, 2024, *pro se* plaintiff Anthony L. Cook filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 1). When Plaintiff filed the complaint, he failed to pay the filing fee or submit a complete and proper application to proceed *in forma pauperis*. Although Plaintiff filed an application to proceed *in forma pauperis* along with the complaint, (Doc. No. 2), the application did not include a certified prisoner account statement and was therefore deficient. (*See* Doc. No. 3).

On January 3, 2025, United States Magistrate Judge Darrell A. Clay ordered Plaintiff to pay the filing fee of $405 or to "complete and submit the entire Financial Application accompanying this Order, including a *certified copy of his prisoner account statement*" within 30 days of the Order ("Deficiency Order"). (Doc. No. 3)(emphasis in original). The Deficiency Order expressly cautioned Plaintiff that the case may be dismissed if he fails to comply with the Deficiency Order. (*Id.*). A copy of the Deficiency Order and a blank copy of the Financial Application were mailed to Plaintiff on the day the Deficiency Order was filed – January 3, 2025.

On January 27, 2025, Plaintiff filed a "supplement" which consisted of the patially completed Financial Application. (Doc. No. 4). Lacking from the Application was the signature of

an Authorized Officer of the Institution. (*Id.* at 5). Relatedly, Plaintiff did not include a certified copy of his prisoner account statement with his incomplete Financial Application, as explicitly order by Judge Clay. (*See* Doc. No. 3).

*Pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The latitude afforded *pro se* litigants, however, does not extend to compliance with readily understood orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (Rule 41(b) dismissal is appropriate when a *pro se* plaintiff fails to comply with readily comprehended court deadlines); *see also Needham v. Butler Cnty. Jail*, No. 1:19-CV-294, 2019 WL 5899326, at *4 (S.D. Ohio Nov. 12, 2019) (warning plaintiff that his *pro se* status and professed health conditions do not relieve him of his obligation to fully comply with court orders and rules of civil procedure), report and recommendation adopted, No. 1:19CV294, 2019 WL 6682155 (S.D. Ohio Dec. 6, 2019).

Where a *pro se* plaintiff fails to comply with a district court's deficiency order, his or her case is subject to dismissal without prejudice for want of prosecution. *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (finding dismissal of a Section 1983 action for failure to comply with the court's deficiency order was not an abuse of discretion where the order identified the required documentation to proceed *in forma pauperis* and warned that failure to comply with the order may result in dismissal); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (affirming the dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply); *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir.2001) (affirming the district court's dismissal of a habeas corpus petition without prejudice for want of prosecution because the petitioner failed to comply with the deficiency order).

Here, Plaintiff was notified of the filing fee deficiency, provided specific instructions to cure the deficiency and a blank application to proceed *in forma pauperis*, granted 30 days to correct the

deficiency, and warned that failure to comply may result in dismissal of this action without further notice. (Doc. No. 3). Because Plaintiff filed a partially completed copy of the Financial Application that was mailed with the Deficiency Order, I will conclude he received the Deficiency Order.

Plaintiff is no stranger to the federal courts. He has filed several civil rights actions in this district court. *See Cook v. Garza*, No. 4:22-cv-01064 (N.D. Ohio); *Cook v. Shaffer*, No. 4:21-cv-01549 (N.D. Ohio); *Cook v. Fed. Bureau of Prisons*, No. 4:21-cv-00766 (N.D. Ohio); *Cook v. William*, No. 4:20-cv-02723 (N.D. Ohio); *Avalon Tribal Gov't v. United States*, No. 4:20-cv-00340 (N.D. Ohio). Two of these cases were dismissed without prejudice for failure to prosecute because Plaintiff failed to attach a certified prisoner account statement to his application to proceed *in forma pauperis*. *See Cook v. Garza*, No. 4:22-cv-01064, Doc. No. 6 (N.D. Ohio Aug. 31, 2022); *Cook v. William*, No. 4:20-cv-02723, Doc. No. 5 (N.D. Ohio Mar. 31, 2021).

Given Plaintiff's prior notice of his filing fee deficiency in this case, his disregard for Judge Clay's Order, and his prior knowledge of this Court's filing fee process as demonstrated through his previous case filings and dismissals, I now dismiss this action without prejudice for failure to prosecute. I also certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                                          s/ Jeffrey J. Helmick
                                                          United States District Judge